# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

## CIVIL NO.  1:06CV139

| | | |
|---|---|---|
| **MICHAEL J. HANNIGAN,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER OF DISMISSAL** |
| | ) | |
| **COUNTRYWIDE HOME LOANS,  INC.,** | ) | |
| **and FEDERAL NATIONAL** | ) | |
| **MORTGAGE CORPORATION, d/b/a** | ) | |
| **Fannie Mae,** | ) | |
| | ) | |
| **Appellees.** | ) | |
| | ) | |

      **THIS MATTER** is before the Court on appeal by Appellant Michael J.

Hannigan (Appellant or Hannigan) from the Bankruptcy Court's granting of

summary judgment in favor of Appellee Countrywide Home Loans

(Appellee or Countrywide).  This Court, *sua sponte*, now considers whether

Appellant's failure to comply with Federal Rule of Bankruptcy Procedure

8006 warrants dismissal of the appeal under Federal Rule of Bankruptcy

Procedure 8001(a).

## I. BACKGROUND AND PROCEDURAL HISTORY

On February 4, 2002, Hannigan received a loan from Countrywide in the amount of $206,000. **Brief of Appellee, filed September 26, 2006, at 8.** As security for the loan, Hannigan executed a deed of trust of his personal residence for the benefit of Appellee. *Id.* Appellant defaulted on his loan repayments in late 2002; since that time, the two parties have been involved in a number of proceedings including three foreclosure actions, two bankruptcy actions, and three lawsuits concerning the loan. *Id.*

On February 11, 2005, Hannigan filed a Chapter 13 bankruptcy petition to prevent Countrywide's most recent foreclosure action on his residence. *Id.* **at 7.** On May 10, 2005, Hannigan initiated the present adversary proceeding against Appellee by filing a complaint which included nine separate claims for damages, including violations of the Truth in Lending Act, Fair Debt Collection Practices Act, and various common law claims including fraud and civil conspiracy. *Id.* **at 6-7.** Appellee moved for summary judgment in the adversary proceeding, which was granted by United States Bankruptcy Judge George Hodges on April 21, 2006. *Id.* **at 8.** Hannigan now appeals that ruling to this Court.

## II.  ANALYSIS

"If an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal."  **In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997).**  The ability of a district court to dismiss an appeal from a bankruptcy court order is specifically derived from the Federal Rules of Bankruptcy Procedure, which state

> An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal.

**Fed. R. Bankr. P. 8001(a).**  "[B]efore a district court may dismiss an appeal pursuant to Rule 8001(a), it must take *at least one* of the following steps: 1)make a finding of bad faith or negligence; 2)give the appellant notice and an opportunity to explain the delay; 3)consider whether the delay had any possible prejudicial effect on the other parties; *or* 4)indicate that it considered the impact of the sanction and available alternatives."  **Weiss, *supra* (citing *In re Serra Buiders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992)) (emphasis in original).**  A complete analysis under the test for dismissing an appeal pursuant to Rule 8001(a) will generally include considering and balancing "all relevant factors."  **In re SPR Corp., 45 F.3d 70, 74 (4th Cir. 1995).**

Federal Rule of Bankruptcy Procedure 8006 states:

> Within 10 days after filing the notice of appeal as provided by
> Rule 8001(a) . . . the appellant shall file with the clerk and serve
> on the appellee a designation of the items to be included in the
> record on appeal and a statement of the issues to be
> presented.  . . .  Any party filing a designation of the items to be
> included in the record shall provide to the clerk a copy of the
> items designated or, if the party fails to provide the copy, the
> clerk shall prepare the copy at the party's expense.  *If the
> record designated by any party includes a transcript of any
> proceeding or a part thereof, the party shall, immediately after
> filing the designation, deliver to the reporter and file with the
> clerk a written request for the transcript and make satisfactory
> arrangements for payment of its cost.*

**Fed. R. Bankr. P. 8006 (emphasis added).**  The Fourth Circuit has

observed that "the sanction of dismissal for failure to comply with a . . .

procedural guideline, such as Rule 8006, [is] a harsh sanction which a

district court must not impose lightly."  ***In re Serra Builders*, 970 F.2d at

1311.**  However, as the Fourth Circuit demonstrated in *Serra Builders*, an

appellant's negligent failure to comply with Rule 8006's procedural

requirements may lead to dismissal of the entire appeal.  ***Id.* (holding an

appellant was negligent in filing the designation of items to be

included in the appellate record fifteen days late).**  Further, the failure

of an appellant to secure a transcript is particularly detrimental to the life of

an appeal when the trial court only makes oral findings of fact.  ***See In re***

***McCarthy*, 230 B.R. 414, 417 (9ᵗʰ Cir. 1999) ("Whenever findings of fact
and conclusions of law are rendered orally on the record, it is
mandatory that an appellant designate the transcript under Rule 8006.
There is no other way for an appellate court to be able to fathom the
trial court's action."); *see also In re Arko Corp.*, 208 B.R. 466 (Bankr.
E.D. Ark. 1997) (dismissing appeal from bankruptcy court due to
appellant's failure to timely designate a record on appeal, provide
copies of documents, and request a transcript from the court reporter
in accordance with Rule 8006).**

In the present case, it is clear Hannigan was negligent in the pursuit
of his appeal and failure to adhere to the Federal Rules of Bankruptcy
Procedure.  Appellant filed his notice of appeal from the bankruptcy court's
order granting summary judgment on May 2, 2006.  Appellant then did not
file the required designation of items to be included in the appellate record
until May 25, 2006, a full 23 days after he filed the notice of appeal.[1]

---

[1] Appellant's notice of appeal is dated April 28, 2006, but the notice
was not electronically filed until May 2, 2006.  Similarly, Appellant's
designation of items to be included in the appellate record is dated May 15,
2006, but was not electronically filed until May 25, 2006.  Even were the
Court to take the dates listed on Appellant's documents as correct, rather
than relying on the actual filing dates, Appellant is still late in filing the
required designation of items.

Further, Appellant did not provide copies of the documents (nor did he provide docket numbers to identify which documents from the bankruptcy adversary proceeding he intended to include) to the clerk. Lastly, Appellant listed in his designation of items to be included in the appellate record the transcript of the bankruptcy adversary proceeding. Under Rule 8006, Appellant is required to request, have produced, and file a copy of the transcript with the clerk. **Fed. R. Bankr. P. 8006.** Appellant also filed a motion with this Court for an extension of time to file his brief based on the time needed to create a transcript. This Court granted Appellant's motion and afforded him an additional 60 days to request the transcript and file his brief. However, there is nothing before this Court to indicate the Appellant requested a transcript of the adversary proceeding be produced. Therefore, Appellant essentially misrepresented his intentions in requesting an extension of time to file his appellate brief, which this Court does not pass over lightly.[2]

---

[2] The undersigned notes that Appellant is now participating in this appeal *pro se*. However, Appellant was represented by counsel until July 27, 2006, when Appellant and counsel mutually terminated representation. The only action taken by Appellant as a *pro se* litigant was the filing of his appellate brief. Therefore, each of the reasons for delay and negligent non-compliance with the rules noted above were committed by Appellant while represented by counsel. Specifically with regards to the request for

It is clear to the undersigned that Appellant's actions during the course of his appeal demonstrate at the very least a negligent attitude, if not bad faith, toward the rules and procedures governing his appeal. Appellant was late in filing his designation of items to be included in the appellate record and did not provide the requisite copies thereof.  Most importantly, Appellant falsely claimed he was requesting a transcript (which he was required to do under Rule 8006) as reason for his request for an extension of time to file his brief.  Appellant's actions throughout his appeal have negligently delayed this case for a total of 73 days without reason. Accordingly, this Court will, *sua sponte*, dismiss Appellant's appeal pursuant to Federal Rule of Bankruptcy Procedure 8001(a).

**IT IS, THEREFORE, ORDERED** that Appellant Hannigan's appeal is hereby **DISMISSED.**

---

and creation of a transcript, Appellant's counsel filed the motion for extension of time to file his appellate brief on June 1, 2006.  Despite having nearly two months to request the transcript before representation ended, Appellant's counsel failed to make the request.  Accordingly, Appellant's current *pro se* status has no effect on this Court's application of the Federal Rules of Bankruptcy Procedure to Appellant's appeal.

8

Signed: October 27, 2006

Lacy H. Thornburg
United States District Judge