IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:06CV139

| | |
|---|---|
| MICHAEL J. HANNIGAN, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| COUNTRYWIDE HOME LOANS, INC., ) | |
| and FEDERAL NATIONAL ) | |
| MORTGAGE CORPORATION, d/b/a ) | |
| Fannie Mae, ) | |
| ) | |
| Appellees. ) | |

**THIS MATTER** is before the Court on the Appellant's motion to reconsider.

In the motion, Appellant complains that the only omission for which he is accountable is the failure to file the transcript of the hearing held in the Bankruptcy Court. However, it is acknowledged by both Appellant and his former counsel that the transcript was, in fact, prepared and received by counsel no later than July 2006. To date, the transcript has not been filed with the Court.

Appellant claims he was told by the Clerk of Court that the transcript would be automatically filed with the Court. However, his former attorney states that he received an audiotape of the hearing which he was required to have privately transcribed. And, counsel admits that the transcript was received in his office, but the present custody of that transcript is not clear. It is clear, however, that it has never been filed of record with the Court and that omission violates the Bankruptcy Rules. **In re Harris, 464 F.3d 263, 269 (2d Cir. 2006).**

> [The hearing] contained the bankruptcy judge's findings of fact and the evidence on which he made his conclusions . . . . Moreover, the order from the bankruptcy court dismissing the case specifically mentioned the . . . hearing. Accordingly, without a transcript of the proceedings, the district court did not have a complete record to review the bankruptcy court's findings.

*Id.*; *accord, **In re Shah**, 2006 WL 2683386 (5th Cir. 2006) ("[I]t was up to [Appellant] to arrange for the transcript[.]").* "[W]ithout the transcript[], it simply is impossible for [the Court] to review the bankruptcy court's factual findings and legal conclusions." **In re E'Tief, 177 F. App'x 937, 939 (11th Cir. 2006) (citing Abood v. Block, 752 F.2d 548, 550 (11th Cir. 1985) (dismissing appeal where the appellant failed to include a transcript of the relevant district court proceedings in the record on appeal));**

*accord, In re Beachport Entm't*, 396 F.3d 1083, 1087 (9th Cir. 2005) (noting that failure to file the transcript may warrant dismissal); *Barclay v. U.S. Trustee, Hackett*, 106 F. App'x 293 (6th Cir. 2004).

Moreover, the Appellant did not file the transcript in support of his motion to reconsider. *Harris*, 464 F.3d at 273. Indeed, it may well be the case that the Appellant has never paid for the transcript and, thus, has not received custody thereof. *Greco v. Stubenberg*, 859 F.2d 1401 (9th Cir. 1988) (district court's dismissal of bankruptcy appeal not an abuse of discretion when appellant failed to provide funds necessary to cover cost of transcripts).

The undersigned finds that the Appellant has failed to prosecute this appeal in good faith and the motion to reconsider is denied.

**IT IS, THEREFORE, ORDERED** that Appellant's motion to reconsider is hereby **DENIED**.

Signed: December 5, 2006

Lacy H. Thornburg
United States District Judge